**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000367**
**01-AUG-2012**
**11:08 AM**

NO. CAAP-12-0000367

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

EDMUND M. ABORDO, Petitioner-Appellant
v.
DEPARTMENT OF PUBLIC SAFETY ("DPS")
MAINLAND BRANCH ADMINISTRATOR SHERI KIMOTO,
Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-2228-09; S.P.P. NO. 11-1-0052)

ORDER GRANTING JULY 25, 2012 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Upon review of (1) Defendant-Appellee Department of

Public Safety ("DPS") Mainland Branch Administrator Shari

Kimoto's (hereinafter Appellee DPS Administrator Kimoto) July 25,

2012 motion to dismiss Appeal No. CAAP-12-0000367 for lack of

appellate jurisdiction, and (2) the record, it appears that we

lack jurisdiction over Plaintiff-Appellant Edmund M. Abordo's (Appellant) appeal from the Honorable Virginia L. Crandall's March 19, 2012 minute order announcing the circuit court's intent to deny Appellant's motion for summary judgment, because the circuit court has not yet entered an appealable final judgment in this case, as Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2011) and Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) require for appealability under the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals only from "final judgments, orders, or decrees[.]" (Emphasis added). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i holds "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119, 869 P.2d at 1338.

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id.

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I

> through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4. When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawaiʻi noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338 (original emphasis). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted).

Appellant is not appealing from a final judgment. Instead, Appellant is attempting to appeal from the circuit court's March 19, 2012 minute order when, in fact, the Supreme Court of Hawaiʻi has specifically explained that "a minute order is not an appealable order." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added). More importantly, on June 1, 2012, the circuit court filed the record on appeal for Appeal No. CAAP-12-0000367, at which time the record on appeal did not contain a final judgment for this case. Absent an appealable final judgment, Appellant's appeal is premature and we lack appellate jurisdiction. Therefore,

-3-

IT IS HEREBY ORDERED that Appellee DPS Administrator Kimoto's July 25, 2012 motion to dismiss Appeal No. CAAP-12-0000367 for lack of appellate jurisdiction is granted, and Appeal No. CAAP-12-0000367 is dismissed.

DATED: Honolulu, Hawaiʻi,  August 1, 2012.


Presiding Judge


Associate Judge


Associate Judge